UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KNIGHTS OF COLUMBUS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE VIRGINIA TRUST, *et al.*,<br><br>　　　　　　Defendants. | 2:12-cv-00688-JCM-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>**(Re: Interpleader and Attorneys' Fees)** |

## **REPORT & RECOMMENDATION**

Before the court is the matter of *Knights of Columbus v. The Virginia Trust et al* (Case No. 2:12-cv-00688-JCM-VCF).

## **RELEVANT FACTS**

Plaintiff Knights filed its complaint in interpleader on April 25, 2012, against defendants The Virginia Trust, John Doe, Trustee of The Virginia Trust, Sheree Williams, William Crosby, Melanie Crosby, and Danny Hill.  (#1).  Plaintiff asserts that the defendants are "claimants and/or potential beneficiaries under two separate life insurance policies issued by Knights of Columbus to Raymond Williams," and that "[t]his interpleader action is necessary to protect Knights of Columbus from multiple liabilities for those funds."  *Id.*  Plaintiff Knights asks this court to (1) allow it to deposit the funds payable pursuant to the certificates of insurance with the Clerk of the Court*,* (2) discharge Knights from further liability for those funds, (3) order the defendants to interplead their claims to the funds, (4) permanently enjoin the defendants from bringing any claim or action against Knights relating to those funds, and (5) award Knights its costs and reasonable attorneys' fees from the interpleaded funds.  *Id.*

On May 10, 2012, defendant Sheree Williams filed her answer, asserting that she "is entitled to all the proceeds of the Knights of Columbus insurance policies pursuant to NRS 134.050(4)." (#5-1). On June 6, 2012, waiver of services were returned executed on behalf of defendants Danny Hill, William Crosby, and Melanie Crosby. (#8, #9, and #10). On June 7, 2012, plaintiff Knights filed a motion for service by publication on defendants The Virginia Trust and John Doe, as Trustee of the Virginia Trust (hereinafter "Trust Defendants"). (#11). On June 12, 2012, the court entered an order granting plaintiff's motion for service by publication on the Trust Defendants. (#12). On June 20, 2012, summons were issued for the Trust Defendants. (#14 and #14-1). On June 25, 2012, plaintiff Knights filed a motion to set a scheduling conference. (#15). On June 29, 2012, defendants William Crosby and Danny Hill filed stipulations for extensions of time to respond to the interpleader complaint. (#16 and #17).

On July 9, 2012, plaintiff filed a motion for entry of clerks default against defendant Melanie Crosby. (#18). The clerk entered default against defendant Melanie Crosby on July 10, 2012. (#19). On July 12, 2012, defendants William Crosby and Danny Hill filed another stipulation for extension of time to respond to the interpleader complaint. (#20). The court signed the stipulation on July 13, 2012. (#21). On July 16, 2012, the court entered an order granting the plaintiff's motion for scheduling conference (#15), and setting the conference for August 17, 2012. (#22). On July 23, 2012, plaintiff filed affidavits regarding service by publication on the Trust Defendants. (#23 and #24). On July 25, 2012, plaintiff filed a request to appear telephonically at the scheduling conference on August 17, 2012. (#25). The court entered an order on July 25, 2012, granting plaintiff's request. (#26). On August 9, 2012, defendants William Crosby and Danny Hill filed an answer to the interpleader complaint and cross-claims against Sheree Williams. (#27).

On August 17, 2012, the court held a scheduling conference pursuant to Local Rule 22-2. (#33). During the conference, the court found this action appropriate for an interpleader, and set a discovery

cut-off deadline of 180 days. *Id.* On August 20, 2012, the court entered a discovery plan and scheduling order. (#30). The court also gave plaintiff "Knights one week to file a proposed report and recommendation finding that this action is appropriate for an interpleader and recommending granting its request for costs and reasonable attorneys' fees," and gave defendants one week to file any response thereto. *Id.* On August 24, 2012, plaintiff Knights filed its proposed report and recommendation regarding interpleader and request for attorneys' fees and costs. (#32). On August 27, 2012, defendant Sheree Williams filed an answer to the cross-claims against her. (#34). On August 30, 2012, defendant/cross-defendant Sheree Williams filed a limited objection (#35) to plaintiff's proposed report and recommendation (#32).

## DISCUSSION

All parties agree that this is an appropriate case for treatment as an interpleader pursuant to Federal Rule of Civil Procedure 22 and for the deposit of funds with the court pursuant to Fed. R. Civ. P. 67(a). (#32 and #35). Defendant/cross-defendant Sheree Williams objects only to the award of attorneys' fees and costs in the amount of $9,592.28 as "excessive and/or unsupported by evidence..." (#35).

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that:

1.   Knights may deposit with the Clerk of the Court $500,473.34, plus interest accruing from the date of the Decedent's Death, October 1, 2011, until the time of deposit at the rate of 5.25% per year;

2.   Upon the deposit of these funds, Knights will be discharged from any and all liability as to the death benefit that is the subject matter of this interpleader and will be dismissed from this case *with prejudice*;

3. Upon the deposit of these funds, defendants, their attorneys, agents and other persons who are in active concert or participation with them will be enjoined from commencing or prosecuting any action against Knights regarding the death benefit that is the subject matter of this interpleader action, in any federal or state court; and

4. After entry of the orders described in the immediately preceding paragraphs 3 and 4, Knights may file a motion for its attorneys' fees and costs in accordance with applicable local and federal rules of procedure.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of September, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE