**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| KNIGHTS OF COLUMBUS, | |
| Plaintiff, | 2:12-cv-00688-JCM-VCF |
| vs. | **AMENDED REPORT AND** |
| THE VIRGINIA TRUST, *et al.*, | **RECOMMENDATION** |
| Defendants. | **(Re: Interpleader and Attorneys' Fees)** |

**REPORT & RECOMMENDATION**

Before the court is the matter of *Knights of Columbus v. The Virginia Trust et al* (Case No. 2:12-cv-00688-JCM-VCF).

**RELEVANT FACTS**

Plaintiff Knights of Columbus (hereinafter "Knights") filed its complaint in interpleader on April 25, 2012, against defendants The Virginia Trust, John Doe, Trustee of The Virginia Trust, Sheree Williams, William Crosby, Melanie Crosby, and Danny Hill.  (#1).  Plaintiff asserts that the defendants are "claimants and/or potential beneficiaries under two separate life insurance policies issued by Knights of Columbus to Raymond Williams," and that "[t]his interpleader action is necessary to protect Knights of Columbus from multiple liabilities for those funds."  *Id.*  Plaintiff Knights asks this court to (1) allow it to deposit the funds payable pursuant to the certificates of insurance with the Clerk of the Court, (2) discharge Knights from further liability for those funds, (3) order the defendants to interplead their claims to the funds, (4) permanently enjoin the defendants from bringing any claim or action against

Knights relating to those funds, and (5) award Knights its costs and reasonable attorneys' fees from the interpleaded funds. *Id.*

On May 10, 2012, defendant Sheree Williams filed her answer, asserting that she "is entitled to all the proceeds of the Knights of Columbus insurance policies pursuant to NRS 134.050(4)." (#5-1). On June 6, 2012, waiver of services were returned executed on behalf of defendants Danny Hill, William Crosby, and Melanie Crosby. (#8, #9, and #10). On June 7, 2012, plaintiff Knights filed a motion for service by publication on defendants The Virginia Trust and John Doe, as Trustee of the Virginia Trust (hereinafter "Trust Defendants"). (#11). On June 12, 2012, the court entered an order granting plaintiff's motion for service by publication on the Trust Defendants. (#12). On June 20, 2012, summons were issued for the Trust Defendants. (#14 and #14-1). On June 25, 2012, plaintiff Knights filed a motion to set a scheduling conference. (#15). On June 29, 2012, defendants William Crosby and Danny Hill filed stipulations for extensions of time to respond to the interpleader complaint. (#16 and #17).

On July 9, 2012, plaintiff filed a motion for entry of clerks default against defendant Melanie Crosby. (#18). The clerk entered default against defendant Melanie Crosby on July 10, 2012. (#19). On July 12, 2012, defendants William Crosby and Danny Hill filed another stipulation for extension of time to respond to the interpleader complaint. (#20). The court signed the stipulation on July 13, 2012. (#21). On July 16, 2012, the court entered an order granting the plaintiff's motion for scheduling conference (#15), and setting the conference for August 17, 2012. (#22). On July 23, 2012, plaintiff filed affidavits regarding service by publication on the Trust Defendants. (#23 and #24). On July 25, 2012, plaintiff filed a request to appear telephonically at the scheduling conference on August 17, 2012. (#25). The court entered an order on July 25, 2012, granting plaintiff's request. (#26). On August 9, 2012, defendants William Crosby and Danny Hill filed an answer to the interpleader complaint and cross-claims against Sheree Williams. (#27).

On August 17, 2012, the court held a scheduling conference pursuant to Local Rule 22-2. (#33). During the conference, the court found this action appropriate for an interpleader, and set a discovery cut-off deadline of 180 days. *Id.* On August 20, 2012, the court entered a discovery plan and scheduling order. (#30). The court also gave plaintiff "Knights one week to file a proposed report and recommendation finding that this action is appropriate for an interpleader and recommending granting its request for costs and reasonable attorneys' fees," and gave defendants one week to file any response thereto. *Id.* On August 24, 2012, plaintiff Knights filed its proposed report and recommendation regarding interpleader and request for attorneys' fees and costs. (#32). On August 27, 2012, defendant Sheree Williams filed an answer to the cross-claims against her. (#34). On August 30, 2012, defendant/cross-defendant Sheree Williams filed a limited objection (#35) to plaintiff's proposed report and recommendation (#32). The last day for any party to object to the proposed report and recommendation regarding interpleader and request for attorneys' fees and costs was August 31, 2012. Defendants William Crosby and Danny Hill did not file an objection during the time allowed.

On September 4, 2012, after reviewing the proposed proposed report and recommendation (#32) and Sheree Williams timely objection (#34), the undersigned Magistrate Judge issued a report and recommendation (hereinafter "R&R"), recommending that:

1. Knights may deposit with the Clerk of the Court $500,473.34, plus interest accruing from the date of the Decedent's Death, October 1, 2011, until the time of deposit at the rate of 5.25% per year;

2. Upon the deposit of these funds, Knights will be discharged from any and all liability as to the death benefit that is the subject matter of this interpleader and will be dismissed from this case with prejudice;

3. Upon the deposit of these funds, defendants, their attorneys, agents and other persons who are in active concert or participation with them will be enjoined from commencing or prosecuting

>    any action against Knights regarding the death benefit that is the subject matter of this interpleader action, in any federal or state court; and
>
>    4. After entry of the orders described in the immediately preceding paragraphs 3 and 4, Knights may file a motion for its attorneys' fees and costs in accordance with applicable local and federal rules of procedure.

(#36). After the court issued the R&R, defendants William Crosby and Danny Hill filed an untimely objection to the proposed report and recommendation (#32) and a timely objection to the R&R entered by the court (#36). (#37). On September 6, 2012, the Honorable James C. Mahan entered an order referring the undersigned's R&R back to reconsider in light of the defendants' newly filed objection (#37). (#38). No party has filed a response to defendants Crosby and Hill's objections (#37).

## DISCUSSION

All parties agree that this is an appropriate case for treatment as an interpleader pursuant to Federal Rule of Civil Procedure 22 and for the deposit of funds with the court pursuant to Fed. R. Civ. P. 67(a). (#32 and #35). Defendant/cross-defendant Sheree Williams objects only to the award of attorneys' fees and costs in the amount of $9,592.28 as "excessive and/or unsupported by evidence..." (#35). Defendants William Crosby and Danny Hill assert in their objection that they join in Sheree Williams' limited objection regarding attorneys' fees and costs, and that they object to the discharge of Knights from any and all liability at this time and to the defendants being enjoined from commencing or prosecuting any action against Knights regarding the death benefit that is the subject matter of this interpleader action. (#37). Defendants Crosby and Hill assert that they must preserve their rights to assert claims against Knights for "any and all losses suffered due to [Knights'] negligence, breach of contract and contractual duties, and any other applicable claims arising from [Knights'] conduct and from defending this [i]nterpleader action." *Id.* They also assert that Knights' request for attorneys' fees and costs should not be deducted from the death benefits. *Id.*

Considering the Objection of William Crosby and Danny Hill (#37), asserting concerns which the undersigned Magistrate Judge believed these litigants had abandoned, since they did not file an objection within the time allowed in the Court's Order (#30), the Report and Recommendation entered on September 4, 2012 (#36), is modified as set forth below.

### RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that:

1. Knights may deposit with the Clerk of the Court $500,473.34, plus interest accruing from the date of the Decedent's Death, October 1, 2011, until the time of deposit at the rate of 5.25% per year[1];

2. Upon the deposit of these funds, Knights will be discharged from any and all liability as to the death benefit that is the subject matter of this interpleader and will be dismissed from this case *with prejudice*, except that this discharge does not include any and all losses suffered by William Crosby and Danny Hill due to Knights' negligence, breach of contract and contractual duties, and any other applicable claims arising from Knights' conduct with regard to the polices at issue;

3. Upon the deposit of these funds, defendants, their attorneys, agents and other persons who are in active concert or participation with them will be enjoined from commencing or prosecuting any action against Knights regarding the death benefits that are the subject matter of this interpleader action, in any federal or state court (This injunction does not preclude commencement or prosecution of any action against Knights to recover any and all losses suffered by William Crosby and Danny Hill due to Knights' negligence, breach of contract and contractual duties, and any other applicable claims arising from Knights' conduct with regard to the polices at issue.); and

---

[1] Should the District Judge approve this deposit, it is recommended that the order doing so set a deadline for deposit of the funds with the Clerk of Court.

4.     After entry of the orders described in the immediately preceding paragraphs 2 and 3, Knights may file a motion for its attorneys' fees and costs in accordance with applicable local and federal rules of procedure.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 26th day of September, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE