# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KNIGHTS OF COLUMBUS, | 2:12 -cv -00688 -JCM-VCF |
| Plaintiff, | **ORDER** |
| vs. | (Motion for Recusal of Magistrate Ferenbach #39) |
| THE VIRGINIA TRUST, *et al.,* | |
| Defendants. | |

Before the Court is William Crosby and Danny Hill's Motion for Recusal of Magistrate Ferenbach ("Recusal Motion") (#39). Sheree Williams filed a Response (#44), and movants filed a Reply (#47).

**Background/Arguments**

At the Status Check/Scheduling Conference, scheduled for 10:00 AM on August 17, 2012 (#33), I was surprised to see Mr. Solomon standing before me representing Ms. Williams. As the record reflects, Mr. Solomon was recently retained and had not obtained required signatures on a Stipulation to Substitute Attorneys, which was filed later that day. (#28, #29, and #33). I expected to see Ms. Williams' then counsel of record, Jeffrey J. Steffen.

Disclosing the fact that Mr. Solomon and I had been partners at the firm of Lionel Sawyer & Collins, asking Mr. Solomon to confirm how many years ago he left the firm, and suggesting that if any party had a concern regarding my impartiality that party could contact the Clerk's office, was not the result of any such concern on my part. In their Recusal Motion (#39) and Reply (#47), movants argue that these comments, combined with Ms. Williams' opposition to the Recusal Motion (#44), create an "appearance of partiality, and therefore require recusal."

Mr. Solomon left Lionel Sawyer & Collins "nearly eight years ago" (#44 Declaration of Mark A. Solomon), and we have had minimal contact with each other since that time. I have a vague recollection that our firms may have represented adverse parties during that eight year period, but I cannot recall any details.

Movants also argue that my comments on August 17, 2012, and this motion practice have caused actual concern regarding my impartiality in the mind of Mr. Crosby, who "is a lay person, without experience with the federal courts, not familiar with the relationships between the bench and the bar, and not experienced with the integrity of the legal profession or specifically, the integrity of the magistrate or attorneys in this case." (#39 at p. 4).

**Discussion**

Although recusal is required in a proceeding in which any of the criteria of 28 U.S.C. § 455 (a) or (b) apply, "a judge must not simply recuse out of an abundance of caution when the facts do not warrant recusal." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200-1201 (E.D. Cal. 2010); *See also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312-1313 (2d Cir. 1988). "Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate." *Id* (citing *United States v. Holland*, 519 F.3d 909, 912 (9th Cir.2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.")). As a general matter, in the absence of a legitimate reason to recuse, "a judge should participate in cases assigned." *Holland,* 519 F.3d at 912 (citing *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed.Cir.1985) and *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir.2000)).

The request for recusal here (#39 and #47) is based on perceived, not actual impartiality. The statue requires disqualification in any proceeding in which the judge's impartiality might <u>reasonably</u> be questioned. 28 U.S.C. § 455(a) (Emphasis added.) As stated in the *Holland*, *supra*, the contours of the test to determine impartiality are:

1. Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned;

2. Whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits;

3. The reasonable person is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer;" and

4. The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Holland,* 519 F.3d at 913 (internal citations omitted).

Counsel for movant candidly states: (1) "To be clear, the undersigned counsel believes that Magistrate Ferenbach is fair and impartial." (#39 at p. 4); and (2) ". . .the undersigned counsel does not believe Magistrate Ferenbach will actually be partial."  (#47 at p. 2).

I certainly regret that my impromptu comments on August 17, 2012 (#33), caused by the unexpected appearance of Mr. Solomon in my court, created doubts in Mr. Crosby's mind concerning my impartiality. I also regret that those comments set off this collateral motion practice with its resulting costs and delay. However, based on the record before me, I cannot conclude that my impartiality might reasonably be questioned, or that, on these facts, "a well-informed, thoughtful observer" would reasonably perceive a significant risk that I will resolve the case on a basis other than the merits. *See Holland,* 519 F.3d at 913.

Recognizing my duty to participate in cases assigned, and applying the test set forth above, I conclude that the movants have not carried their burden of establishing the need for recusal pursuant to 28 U.S.C. § 455(a). *See Id* at 912-913.

Accordingly,

IT IS ORDERED that William Crosby and Danny Hill's Motion for Recusal of Magistrate Ferenbach (#39) is DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-1(a), any party wishing to object to this ruling may, within fourteen (14) days from the date of service of this order, "file and serve specific written objections to the ruling together with points and authorities in support thereof." Any opposition to the objection, together with points and authorities, must be filed and served within fourteen (14) days thereafter. LR IB 3-1(a). The undersigned Magistrate Judge will defer ruling on other motions pending before this court (Motion to Amend Pleadings to Assert Counterclaim (#40), Motion to Amend/Correct Answer (#41), Motion to Intervene (#43), Motion to Stay Entry of Default (#46), and Motion to Compel Arbitration (#49)) until the time to object has expired or, if a timely objection is filed, until the District Judge issues a ruling.

DATED this 11th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE