UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KNIGHTS OF COLUMBUS,

        Plaintiff(s),

v.

THE VIRGINIA TRUST, et al.,

        Defendant(s).

2:12-CV-688 JCM (VCF)

**ORDER**

Presently before the court is Magistrate Judge Ferenbach's amended report and recommendation regarding interpleader and attorneys' fees. (Doc. # 42).[1] No objections to the amended report and recommendation have been filed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

---

[1] The same day the original report and recommendation was filed, defendants William Crosby and Danny Hill filed an objection to the report and recommendation. (Doc. # 37). Defendants Crosby and Hill state that they "failed to file an Opposition which would have allowed the Magistrate to review these issues prior to signing his Report and Recommendation." (Doc. # 37, 3:13-15). On that basis, this court referred back the report and recommendation to Magistrate Judge Ferenbach, (doc. # 38), and now the court is considering the amended report and recommendation.

**James C. Mahan**
**U.S. District Judge**

1    Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate
2    judge's report and recommendation where no objections have been filed. *See United States v.*
3    *Reyna–Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the
4    district court when reviewing a report and recommendation to which no objections were made); *see*
5    *also Schmidt v. Johnstone*, 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's
6    decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any
7    issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's
8    recommendation, then this court may accept the recommendation without review. *See e.g.*,
9    *Johnstone*, 263 F.Supp.2d at 1226 (accepting, without review, a magistrate judge's recommendation
10   to which no objection was filed).

11   Nevertheless, this court finds it appropriate to engage in a de novo review to determine
12   whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation
13   and underlying briefs, this court finds good cause to adopt the magistrate's findings in full.

14   Accordingly,

15   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended report and
16   recommendation of Magistrate Judge Ferenbach (doc. # 42) regarding interpleader and attorneys'
17   fees, (doc. # 42) be, and the same hereby is, ADOPTED in its entirety.

18   IT IS FURTHER ORDERED that:

19   1.  Knights may deposit with the clerk of the court $500,473.34, plus interest accruing from the
20       date of the decedent's death, October 1, 2011, until the time of deposit at the rate of 5.25%
21       per year. Knights shall have up to, and including, November 16, 2012, to deposit these funds
22       with the court.

23   2.  Upon deposit of these funds, Knights will be discharged from any and all liability as to the
24       death benefits that are the subject matter of this interpleader and will be dismissed from this
25       case *with prejudice*, except that this discharge does not include any and all losses suffered
26       by William Crosby and Danny Hill due to Knights' negligence, breach of contract and
27       contractual duties, and any other applicable claims arising from Knights' conduct with regard

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  to the polices at issue;

2  3. Upon the deposit of these funds, defendants, their attorneys, agents and other persons who are in active concert or participation with them will be enjoined from commencing or prosecuting any action against Knights regarding the death benefits that are the subject matter of this interpleader action, in any federal or state court (this injunction does not preclude commencement or prosecution of any action against Knights to recover any and all losses suffered by William Crosby and Danny Hill due to Knights' negligence, breach of contract and contractual duties, and any other applicable claims, arising from Knights' conduct with regard to the policies at issue); and

4. After entry of the order described in the immediately preceding paragraphs 2 and 3, Knights may file a motion for its attorneys' fees and costs in accordance with applicable local and federal rules of procedure.

DATED October 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -