# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| KNIGHTS OF COLUMBUS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE VIRGINIA TRUST, *et al.*,<br><br>　　　　　Defendants. | 2:12-cv-00688-JCM -VCF<br><br>**ORDER**<br><br>(***Ex Parte*** **Motion To Access Safety Deposit Box #59)** |

　　Before the court is defendants Danny Hill and William Crosby's *Ex Parte* Motion to Access Safety Deposit Box.  (#59).

　　**A.**　　**Relevant Facts**

　　Plaintiff Knights of Columbus (hereinafter "Knights") filed its complaint in interpleader on April 25, 2012, against defendants The Virginia Trust, John Doe, Trustee of The Virginia Trust, Sheree Williams, William Crosby, Melanie Crosby, and Danny Hill.  (#1).  Plaintiff asserts that the defendants are "claimants and/or potential beneficiaries under two separate life insurance policies issued by Knights of Columbus to Raymond Williams," and that "[t]his interpleader action is necessary to protect Knights of Columbus from multiple liabilities for those funds."  *Id.*

　　On May 10, 2012, defendant Sheree Williams filed her answer, asserting that she "is entitled to all the proceeds of the Knights of Columbus insurance policies pursuant to NRS 134.050(4)."  (#5-1). On June 29, 2012, defendants William Crosby and Danny Hill filed stipulations for extensions of time to respond to the interpleader complaint.  (#16 and #17).  On July 12, 2012, defendants William Crosby and Danny Hill filed another stipulation for extension of time to respond to the interpleader complaint.

(#20). The court signed the stipulation on July 13, 2012. (#21). On August 9, 2012, defendants Crosby and Hill filed an answer to the interpleader complaint and cross claims against Sheree Williams for (1) conspiracy, (2) constructive trust, and (3) equitable estoppel. (#27). Crosby and Hill seek "[a]ll benefits available under the [p]olicies," attorneys' fees and costs, that the court hold, "[i]n the vent that [Sheree Williams] receive[s] any money paid pursuant to the [p]olicies, that such money be held in a constructive trust for the benefit of [Crosby and Hill], and that Sheree Williams "be estopped from asserting any claim to the benefits of the [p]olicies." *Id.* On August 27, 2012, Sheree Williams filed her answer to defendants Crosby and Hill's cross claims (#27). (#34).

On September 19, 2012, defendants Crosby and Hill filed a motion for recusal of the undersigned. (#39). On September 26, 2012, the undersigned issued an Amended Report and Recommendation, holding that the action is appropriate for an interpleader and recommending that Knights deposit the $500,473.34 with the court. (#42). On September 27, 2012, defendant Sheree Williams filed an opposition to the motion for recusal. (#44). On October 5, 2012, defendants Crosby and Hill filed a reply in support of their motion for recusal. (#47). On October 11, 2012, the undersigned issued an order denying the motion for recusal (#39) and stating that the court will defer ruling on pending motions (#40, #43, #46, and #49) until the time to object to the order has expired or, if a timely objection is filed, until the District Judge issues a ruling. (#50).

On October 16, 2012, the District Judge adopted the undersigned's amended R&R (#42) in its entirety. (#54). On October 24, 2012, defendants Crosby and Hill filed (not under seal) the instant *ex parte* motion to access safety deposit box. (#59).

  **B.** *Ex Parte* **Motion To Access Safety Deposit Box**

Defendants Crosby and Hill ask this court for an order allowing them to access a safety deposit box (#59 Exhibit A) containing "Legal Documents" that Raymond Williams indicated he held at Nevada State Bank. (#59). The court recognizes the possible importance of the safety deposit box and the need

to secure its contents.  As the time to object to the undersigned's order regarding recusal (#50) has not expired, the ruling on the issue before the court is entered to maintain the status quo.  *All* parties are prohibited from accessing and/or opening *any* safety deposit box held at Nevada State Bank, 8400 W. Lake Mead, Las Vegas, NV 89128 (hereinafter "Bank Office"), until further order from the court.

In the absence of any modification of this order, if a party desires to access a safety deposit box located at the Bank Office, the court will set a conference call with all parties to establish procedures for such access.

Accordingly and for good cause shown,

IT IS ORDERED that defendants Danny Hill and William Crosby's *Ex Parte* Motion to Access Safety Deposit Box (#59) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that *all* parties are prohibited from accessing and/or opening *any* safety deposit box held at Nevada State Bank, 8400 W. Lake Mead, Las Vegas, NV 89128, until further order from the court.

DATED this 25th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE