# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| KNIGHTS OF COLUMBUS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE VIRGINIA TRUST, *et al.*,<br><br>　　　　Defendants. | 2:12-cv-00688-JCM-VCF<br><br>**ORDER**<br><br>**(Motion to Amend/Correct Answer #41, Motion to Intervene #43, Motion to Stay Entry of Default Against Virginia Trust #46, and Motion Requiring Sheree Williams to Provide Notice of Discovery of Property and Locations #56 )** |

　　Before the court is Sheree Williams' Motion to Amend/Correct Answer. (#41). Defendants William Crosby and Danny Hill filed an Opposition (#53), and Sheree Williams filed a Reply (#64).

　　Also before the court is Sheree Williams' Motion to Intervene. (#43). Defendants Crosby and Hill filed an Opposition (#52), and Sheree Williams filed a Reply (#63).

　　Also before the court is defendants Crosby and Williams' Motion to Stay Entry of Default Against Virginia Trust. (#46). Sheree Williams filed an Opposition (#51), and defendants Crosby and Williams filed a Reply (#56).

　　Also before the court is defendants Crosby and Hill's Motion Requiring Sheree Williams to Provide Notice of Discovery of Property and Locations. (#56). Sheree Williams filed an Opposition (#68), and defendants Crosby and Hill file a Reply (#84).

　　The court held a hearing on December 4, 2012, on the motions pending before the undersigned Magistrate Judge (#40, #41, #43, #46, #49, and #56). This order addresses motions (#41, #43, #46, and #56). The court will issue a separate order on motions (#40 and #49).

. . .

**Background**

Plaintiff Knights of Columbus (hereinafter "Knights") filed its complaint in interpleader on April 25, 2012, against defendants The Virginia Trust, John Doe, Trustee of The Virginia Trust, Sheree Williams, William Crosby, Melanie Crosby, and Danny Hill. (#1). Plaintiff asserted that the defendants are "claimants and/or potential beneficiaries under two separate life insurance policies issued by Knights of Columbus to Raymond Williams," and that "[t]his interpleader action is necessary to protect Knights of Columbus from multiple liabilities for those funds." *Id.*

On May 10, 2012, defendant Sheree Williams filed her answer, asserting that she "is entitled to all the proceeds of the Knights...insurance policies pursuant to NRS 134.050(4)." (#5-1). On June 6, 2012, waiver of services were returned executed on behalf of defendants Danny Hill, William Crosby, and Melanie Crosby. (#8, #9, and #10). On June 7, 2012, plaintiff Knights filed a motion for service by publication on defendants The Virginia Trust and John Doe, as Trustee of the Virginia Trust (hereinafter "Trust Defendants"). (#11). On June 12, 2012, the court entered an order granting plaintiff's motion for service by publication on the Trust Defendants. (#12). On June 20, 2012, summons were issued for the Trust Defendants. (#14 and #14-1). On June 25, 2012, plaintiff Knights filed a motion to set a scheduling conference. (#15). On June 29, 2012, defendants William Crosby and Danny Hill filed stipulations for extensions of time to respond to the interpleader complaint. (#16 and #17).

On July 9, 2012, plaintiff filed a motion for entry of clerks default against defendant Melanie Crosby. (#18). The clerk entered default against defendant Melanie Crosby on July 10, 2012. (#19). On July 12, 2012, defendants William Crosby and Danny Hill filed another stipulation for extension of time to respond to the interpleader complaint. (#20). The court signed the stipulation on July 13, 2012. (#21). On July 16, 2012, the court entered an order granting the plaintiff's motion for scheduling conference (#15), and setting the conference for August 17, 2012. (#22). On July 23, 2012, plaintiff filed affidavits regarding service by publication on the Trust Defendants. (#23 and #24). On August 9,

2012, defendants William Crosby and Danny Hill filed an answer to the interpleader complaint and cross-claims against Sheree Williams. (#27).

On August 17, 2012, the court held a scheduling conference pursuant to Local Rule 22-2. (#33). During the conference, the court found this action appropriate for an interpleader, and set a discovery cut-off deadline of 180 days. *Id.* On August 20, 2012, the court entered a discovery plan and scheduling order. (#30). The court also gave plaintiff "Knights one week to file a proposed report and recommendation finding that this action is appropriate for an interpleader and recommending granting its request for costs and reasonable attorneys' fees," and gave defendants one week to file any response thereto. *Id.* On August 24, 2012, plaintiff Knights filed its proposed report and recommendation regarding interpleader and request for attorneys' fees and costs. (#32). On August 27, 2012, defendant Sheree Williams filed an answer to the cross-claims against her. (#34). On August 30, 2012, defendant/cross-defendant Sheree Williams filed a limited objection (#35) to plaintiff's proposed report and recommendation (#32).

On September 4, 2012, after reviewing the proposed report and recommendation (#32) and Sheree Williams timely objection (#34), the undersigned Magistrate Judge issued a report and recommendation (hereinafter "R&R"). (#36). After the court issued the R&R, defendants William Crosby and Danny Hill filed a late objection to the proposed report and recommendation (#32). (#37). On September 6, 2012, the Honorable James C. Mahan entered an order referring the undersigned's R&R back to reconsider in light of the defendants' newly filed objection (#37). (#38). On September 20, 2012, defendants Crosby and Hill filed a motion to amend pleadings to assert a counter-claim. (#40). On September 26, 2012, Sheree Williams filed the instant motion to amend/correct answer. (#41). On the same day, the undersigned issued an amended R&R (#42), amending the recommendation as follows:

1. Knights may deposit with the Clerk of the Court $500,473.34, plus interest accruing from the date of the Decedent's Death, October 1, 2011, until the time of deposit at the rate of 5.25% per year;

2. Upon the deposit of these funds, Knights will be discharged from any and all liability as to the death benefit that is the subject matter of this interpleader and will be dismissed from this case with prejudice, except that this discharge does not include any and all losses suffered by William Crosby and Danny Hill due to Knights' negligence, breach of contract and contractual duties, and any other applicable claims arising from Knights' conduct with regard to the polices at issue;

3. Upon the deposit of these funds, defendants, their attorneys, agents and other persons who are in active concert or participation with them will be enjoined from commencing or prosecuting any action against Knights regarding the death benefits that are the subject matter of this interpleader action, in any federal or state court (This injunction does not preclude commencement or prosecution of any action against Knights to recover any and all losses suffered by William Crosby and Danny Hill due to Knights' negligence, breach of contract and contractual duties, and any other applicable claims arising from Knights' conduct with regard to the polices at issue.); and

4. After entry of the orders described in the immediately preceding paragraphs 2 and 3, Knights may file a motion for its attorneys' fees and costs in accordance with applicable local and federal rules of procedure.

On September 27, 2012, Sheree Williams filed a motion to intervene. (#43). On September 28, 2012, defendants Crosby and Hill filed the instant motion to stay entry of default against the Virginia Trust. (#46). On October 9, 2012, Knights filed a motion to compel arbitration. (#49). October 16, 2012, the district judge issued an order adopting the undersign's amended R&R (#42) it its entirety. (#54).    On October 23, 2012, defendants Crosby and Hill filed a motion for an order requiring Sheree Williams to provide notice of discovery of property and locations. (#56). On November 13, 2012, the court issued a minute order setting a hearing for December 4, 2012, at 10:00 a.m. (#69). On December

3, 2012, the parties filed a stipulation for notice of discovery of property and locations. (#90). The court held a hearing on December 4, 2012.

**Motion to Amend/Correct Answer (#41)**

Sheree Williams asserts in her motion to amend answer that the "purpose of her proposed [a]mended [a]nswer (#41 Exhibit A) is to merely clarify her factual and legal bases in support of her claim to the interplead life insurance proceeds." (#41). During the hearing, Sheree Williams informed the court of her desire to further amend her proposed amended answer (#41 Exhibit A) to include newly discovered information. Federal Rule of Civil Procedure 15 states that the court should "freely give leave [to amend] when justice so requires." As stated during the hearing, the court finds it proper under Rule 15 to grant Sheree Williams leave to amend her answer.

In light of the fact that Sheree Williams seeks to further amend her proposed amended answer (#41 Exhibit A), she is ordered to prepare her amended answer and provide it to all parties on or before December 12, 2102. If defendants Crosby and Hill object to the amended answer, they may file a motion stating their objection on or before December 19, 2012. If no motion to object is filed, Sheree Williams must file the amended answer with the court by December 21, 2012. Sheree Williams' motion to amend/correct answer (#41) is granted, conditioned upon the defendants not objecting to the new proposed amended answer.

**Motion to Intervene (#43)**

On September 4, 2012, the Eighth Judicial District Court, Clark County, Nevada opened a Special Administration of the Decedent's Estate and appointed Sheree Williams as the Special Administrator. (#43 Exhibit D). Sheree Williams asserts that she is the widow and sole heir of the decedent and that at the time of death, neither Knights life insurance policy designated a valid beneficiary of death benefit proceeds. (#43 Exhibit C). The Estate, she argues, is therefore the default beneficiary of the death benefits proceeds and must be permitted to intervene. (#43). Sheree Williams

asks this court to permit the Estate to intervene in this action pursuant to Fed. R. Civ. P. 24(a) and (b). *Id*.

The court recognizes that the Estate may have rights to the death benefit proceeds and finds that the intervention would not prejudice the other defendants. During the hearing, defendants Hill and Crosby conceded that no prejudice would result from the intervention, but argued that the intervention of the Estate was premature and would "muddy the waters."

Pursuant to Fed. R. Civ. P. 24(a), "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The court finds that permitting the Estate to intervene is appropriate under Rule 24(a). Fed. R. Civ. P. 24(a). The motion was timely, as the Estate was opened on September 4, 2012 (#43 Exhibit D), and the motion was filed on September 24, 2012 (#43). *See* Fed. R. Civ. P. 24(a). The Estate claims an interest to the property that is the subject matter of the action, as Sheree Williams, on behalf of the Estate, claims that "all of the [Knights] life insurance proceeds are the property of the [d]ecedent's Estate as (1) no valid beneficiary is designated in [either] of the policies; and (2) under Nevada law, the proceeds therefore pass to the [d]ecedent's Estate, with possibly the exception of Sheree's community property interest in such proceeds." *Id*;(#43). No other party is representing the interests of the Estate. If the Estate is not permitted to intervene, it will not have a means to assert it's claim and the court will make a determination without an interested party. Fed. R. Civ. P. 24(a). Sheree Williams' motion for the Estate to intervene (#43) is granted.

. . .

. . .

**Motion to Stay Entry of Default Against Virginia Trust (#46)**

Defendants Crosby and Hill ask this court to stay entry of default against the Trust Defendants. (#46). The Trust Defendants were served by publication on July 19, 2012, yet have not appeared in this action. (#23 and #24). Crosby and Hill assert that default should not be entered at this preliminary stage in the proceedings, "because the trust document has not yet been found, no petition has been filed in the Clark County probate court to recognize the trust and/or appoint a trustee, and it has not been determined by this [c]ourt if the Virginia Trust and/or the trustee are necessary parties in order for [Crosby] and [Hill] to be able to recover the life insurance proceeds." (#46). Sheree Williams states in her limited opposition that she has no knowledge of the Virginia Trust and that it is very likely that it never existed. (#51).

During the hearing, the court stated that it was inclined to postpone entering default against the Trust Defendants. The parties agreed to postpone the filing of a motion for default until the close of discovery, February 13, 2013 (#30). If the discovery cut-off date is extended, the date to file the motion for default is extended accordingly. Defendants Crosby and Hill's motion to stay entry of default against the Trust Defendants (#46) is granted.

**Motion Requiring Sheree Williams to Provide Notice of Discovery of Property & Locations (#56)**

During the hearing on December 4, 2012, the parties represented to the court that the stipulation for notice of discovery of property and locations (#90) addressed all of the issues raised in the pending motion requiring Sheree Williams to provide notice of discovery of property and locations (#56). The court signed the stipulation (#90) in open court, and William and Crosby orally withdrew the motion (#56). The motion (#56) is hereby terminated.

IT IS HEREBY ORDERED that Sheree Williams' Motion to Amend/Correct Answer (#41) is conditionally GRANTED, as discussed above.

IT IS FURTHER ORDERED that Sheree Williams' Motion to Intervene (#43) is GRANTED.

IT IS FURTHER ORDERED that defendants Crosby and Hill's Motion to Stay Entry of Default Against Virginia Trust (#46) is GRANTED.

IT IS FURTHER ORDERED that defendants Crosby and Hill's Motion Requiring Sheree Williams to Provide Notice of Discovery of Property and Locations (#56) is TERMINATED.

DATED this 5th day of December, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE