# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KNIGHTS OF COLUMBUS,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>THE VIRGINIA TRUST, et al.,<br><br>　　　　Defendant(s). | 2:12-CV-688 JCM (VCF) |

**ORDER**

Presently before the court is the report and recommendation of Magistrate Judge Ferenbach (doc. # 95) regarding defendants William Crosby and Danny Hill's motion to amend pleading to assert counterclaims (doc. # 40) and plaintiff Knights of Columbus's motion to compel arbitration (doc. # 48, # 49). Plaintiff filed an objection to the report and recommendation (doc. # 105), which defendants Crosby and Hill replied (doc. # 112).

Also before the court is plaintiff's motion for attorneys' fees and costs. (Doc. # 76). Defendant Sheree Williams has filed a response (doc. # 85), to which defendants Crosby and Hill joined (doc. # 86). Plaintiff replied to defendants' response. (Doc. # 96).

**I.     Background Facts**

This is an interpleader action brought by plaintiff Knights of Columbus pursuant to Fed. R. Civ. P. 22 because defendants are potential beneficiaries of two life insurance policies issued by plaintiff to decedent Raymond Williams. Plaintiff filed its complaint in interpleader to protect Knights of Columbus from multiple liabilities for those funds. *Id*.

**James C. Mahan**
**U.S. District Judge**

1    On September 20, 2012, defendants Crosby and Hill filed a motion to amend pleadings to assert counterclaims against plaintiff. In this motion, defendants Crosby and Hill asserted that plaintiff (1) did not obtain the Virginia Trust document or the trustees' name and contact information at the time the decedent submitted the beneficiary designation or misplaced the information, (2) has not subsequently obtained the document or the information, (3) violated its own practices and procedures by failing to obtain the trustee's name and information, and (4) has forced defendants Crosby and Hill to hire an attorney to represent their interests in the interpleader action and to incur attorneys' fees and costs. *Id.* Defendants Crosby and Hill asserted claims of (I) negligence, (ii) breach of contract, (iii) breach of good faith and fair dealing, and (iv) breach of fiduciary duty. *Id.*

On October 9, 2012, plaintiff filed a motion to compel arbitration. (Doc. # 49). On November 9, 2012, defendants filed a response. (Doc. # 67).

On December 10, 2012, the magistrate judge issued a report and recommendation (doc. # 95) addressing the motion to amend (doc. # 40) and motion to compel arbitration (doc. # 49). The magistrate judge found that plaintiff's use of interpleader did not waive its right to arbitration. The magistrate judge also found that defendants' counterclaims relate to the policies set in the arbitration provision (doc. # 95, 10:7). Thus, the magistrate judge recommended that the court (1) permit defendants Crosby and Hill to amend their pleading to assert their counterclaims; (2) compel arbitration of the counterclaims; (3) stay the arbitration; and (4) proceed with the interpleader action.

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. LCR IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. *Id.* The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)©; D. Nev. IB 3–2(b). However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative

James C. Mahan
U.S. District Judge

- 2 -

1  history of the statute to support the contention that the judge is required to rehear the contested
2  testimony in order to carry out the statutory command to make the required 'determination'").

3  **III.    Discussion**

4  The court limits its analysis to a de novo review of the portions of the report to which
5  objections were made. *See* 28 U.S.C. § 636(b)(1)(B). Plaintiff's objection presents some of the same
6  arguments raised in its opposition of defendants Hill and Crosby's motion to amend. (Doc. # 48).
7  Plaintiff argues that defendants' amendments would be futile and therefore should not be granted.
8  *Id.* Additionally, plaintiff asserts that the court should not stay the arbitration of defendants'
9  counterclaims until discovery has been concluded. (Doc. # 105, 4:24).

10  *1.    Amendment*

11  Federal Rule of Civil Procedure 15(a) provides that leave of court to amend a complaint
12  "should be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a)
13  and confirmed the liberal standard district courts must apply when granting such leave. In *Foman*
14  *v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared
15  reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure
16  to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by
17  virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as
18  the rules require, be 'freely given.'"

19  When proposed amendments sought by parties are covered by a binding arbitration
20  agreement, the proposed amendment is futile. *The Detroit Edison Co. v. Burlington Northern and*
21  *Santa Fe Railway Co.*, 442 F.Supp.2d 387, 394 (E.D. Mich. 2006) (collecting cases which have
22  found new or revised claims subject to binding arbitration are futile). In *Detroit Edison Co.*, the
23  court notes that although some other courts have amended a complaint before addressing if the
24  amended claims should be referred to arbitration, the court found that granting a motion for leave
25  to amend a complaint and then referring the claims to arbitration would serve no useful purpose. 442
26  F.Supp.2d at 394, n.4.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Additionally, the Ninth Circuit has held that dismissal without leave to amend is permissible when claims are subject to arbitration. *See Thinket Inc. Info. Resources v. Sun Microsystems,* 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming the dismissal of plaintiff's claims because they were subject to arbitration pursuant to Rule 12(b)(6)); *see also Chappel v. Laboratory Corp. Of America*, 232 F.3d 719, 724-726 (9th Cir. 2000) (affirming courts dismissal of complaint for failure to state a claim because it was barred by mandatory arbitration, but allowed leave to amend based on breach of fiduciary duty).

Plaintiff does not assert that the proposed amendment is based on undue delay, bad faith, or that it would be unduly prejudicial. Instead, plaintiff opposes the proposed amendment because it would be futile. The court agrees.

Neither plaintiff nor defendants Hill and Crosby object that the scope of the arbitration agreement covers defendants Hill and Crosby's counterclaims of (I) negligence, (ii) breach of contract, (iii) breach of good faith and fair dealing, and (iv) breach of fiduciary duty. Therefore, because the claims are covered by the arbitration agreement, amendment would be futile. *See Detroit Edison Co.*, 442 F.Supp.2d at 394. As such, the court denies defendant Hill and Crosby's proposed amendment.

   2.   *Stay of Arbitration*

"The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *citing* 9 U.S.C. § 2. "The Act leaves no place for exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Byrd,* 470 U.S. at 218; *see also* 9 U.S.C. §§ 3, 4.

"[T]he Arbitration act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Byrd,* 470 U.S. at 217. "In so

**James C. Mahan
U.S. District Judge**

- 4 -

1  holding, the Supreme Court reasoned that the [Federal Arbitration Act ("FAA")] divests the courts
2  of any discretion regarding arbitration in cases containing both arbitrable and nonarbitrable claims."
3  *Benson Pump Co. v. South Cent. Pool Supply, Inc.*, 325 F.Supp.2d 1152, 1160 (D. Nev. 2004).

4  The FAA, "both through its plain meaning and the strong federal policy it reflects, requires
5  courts to enforce the bargain of the parties to arbitrate, and 'not substitute its own views of economy
6  and efficiency' for those of Congress." *Byrd,* 470 U.S. at 213; *see also Tracer Research Corp. v.*
7  *Nat'l Envtl. Services Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994) ("the [FAA] 'requires piecemeal
8  resolution when necessary to give effect to an arbitration agreement.'") (citation omitted); *see also*
9  *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 840-41 (9th Cir. 2010) ("We must enforce the
10 parties agreement according to its terms, even if the result is inefficient.").

11 "Once the court has determined, that a dispute falls within the scope of an arbitration
12 agreement, the proceedings in the case as to the arbitrable issue must be stayed pending the
13 completion of arbitration." *Benson*, 325 F.Supp.2d at 1160; *see also* 9 U.S.C. § 3. "However,
14 decision to stay the remaining nonarbitrable claims, is soundly vested in the court's discretionary
15 authority to control it's docket." *Id.*; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
16 460 U.S. 1, 21, n.23 (1983).

17 In this case, the court recognizes that damages by defendants cannot be fully ascertained until
18 a ruling has been made on the interpleaded funds. The possible damages against plaintiff could
19 range from the cost of attorneys' fees up to the amount defendants would have been awarded had
20 plaintiff fulfilled its duties. The court further recognizes that the magistrate judge carefully weighed
21 this issue and set forth a plan that efficiently managed the case.

22 However, no matter how well reasoned the magistrate's order, the court is bound by the
23 Supreme Court and the policies emphasized in the FAA. Because of this binding authority, although
24 efficiency may be lost and a bifurcated proceeding may result, the court cannot stay the arbitration
25 based on efficiency considerations alone.

26 Further, plaintiff contends that the issues raised by the counterclaims are separable from the
27 issues in the interpleader action, and therefore plaintiff should not be forced to remain in the

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1 interpleader action merely for discovery considerations. The court disagrees.

2 The court does not find the "easily separable" issues in *Benson* analogous to this case. There
3 is merit to defendants' argument that much of the discovery and the factual issues in the interpleader
4 action would overlap and be duplicative of the discovery necessary in the arbitration of defendants'
5 counterclaims.

6 Therefore, because the parties do not dispute the magistrate judge's recommendation to
7 compel arbitration or the arbitration agreement's scope, a stay on arbitration based on efficiency
8 considerations is improper.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's recommendation (doc. # 95) be, and the same hereby is, ADOPTED in part and REJECTED in part, to the extent not inconsistent with this order.

IT IS FURTHER ORDERED that defendants Hill and Crosby's motion to amend to assert counterclaims (doc. # 40) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff Knights of Columbus's motion to compel arbitration (doc. # 49) be, and the same hereby is, GRANTED. All nonarbitrable issues shall proceed in the ordinary course of litigation. The parties, including plaintiff, if it chooses, will conduct discovery in this interpleader action, and plaintiff must be served with copies of all discovery.

IT IS FURTHER ORDERED that the arbitration shall not be stayed.

. . .
. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  IT IS FURTHER ORDERED that plaintiff Knights of Columbus's motion for attorneys' fees and costs (doc. # 76) be, and the same hereby is, DENIED without prejudice. Plaintiff may re-file its motion for attorneys' fees and costs upon completion of its participation in discovery.[1]

DATED March 21, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] See Magistrate Judge Ferenbach's report and recommendation stating that "[t]he parties, including Knights if it chooses, will conduct discovery in this interpleader action, and Knights must be served with copies of all discovery." (Doc. # 95, 10:21-22). The court finds that plaintiff's voluntary participation may effect the attorneys' fees sought in this case–thus granting this motion would be premature at this stage.