UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KNIGHTS OF COLUMBUS,<br><br>         Plaintiff(s),<br><br>v.<br><br>THE VIRGINIA TRUST, et al.,<br><br>         Defendant(s). | 2:12-CV-688 JCM (VCF) |

**ORDER**

Presently before the court is plaintiff Knights of Columbus' ("Knights") renewed motion for attorneys' fees and costs. (Doc. # 124).[1] Defendant Sheree Williams ("Williams") responded (doc. # 128), and Knights replied (doc. # 130).

**I.    Background**

On April 25, 2013, Knights filed a complaint in interpleader against defendants the Virginia Trust, John Doe, trustees of the Virginia Trust, Williams, William Crosby, Melanie Crosby, and Danny Hill. Defendants are claimants and/or potential beneficiaries under two separate life insurance policies issued by Knights to Raymond Williams. Knights pursued this action to protect itself from multiple liabilities for these two funds.

On November 2, 2012, Knights deposited the insurance proceeds in the amount $529,010.54 with the clerk of the court. (Doc. # 65). However, Knights was required to stay in this litigation until

---

[1] Knights initially moved for attorneys' fees but the court denied this motion without prejudice because the court found the motion premature. (Doc. # 123).

**James C. Mahan**
**U.S. District Judge**

1  discovery had been completed. (Doc. # 123). Discovery was completed on May 14, 2013. (Doc. #
2  121). Knights now moves for attorneys' fees and costs related to its involvement in this interpleader
3  action. (Doc. # 124).

4  **II.   Legal standard**

5  "Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an
6  interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984)
7  (citation omitted). "The amount of fees to be awarded in an interpleader action is committed to the
8  sound discretion of the district court." *Trustees of Directors Guild of America–Producer Pension*
9  *Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).

10  When the stakeholder requesting fees is an insurance company, interpleader actions offer two
11  distinct benefits. First, "the availability of attorneys' fees for interpleader plaintiffs recognizes that
12  by bringing the action, the plaintiff benefits all parties 'by promoting early litigation on the
13  ownership of the fund, thus preventing dissipation.'" *Id.* (citation omitted). Second, interpleader is
14  a "valuable procedural device" for insurance companies that are faced with competing claims
15  because it provides a way for the insurance companies to "disclaim[ ] any position as to which of the
16  claimants is entitled to the fund." *Id.*; *see also Metro. Life Ins. Co. v. Billini*, No. CIV. S–06–02918
17  WBS KJM, 2007 WL 4209405, at *3 (E.D.Cal. Nov. 27, 2007).

18  The Ninth Circuit has explained that fee awards in interpleader actions are "typically modest"
19  because "there is an important policy interest in seeing that the fee award does not deplete the fund
20  at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 426–27;
21  *Allianz Life Ins. v. Agorio, No.*, C 11-04404 LB, 2012 WL 440722, at *5 (N.D.Cal. Feb.10, 2012);
22  *Billini*, 2007 WL 4209405, at *3.

23  The court "undertakes a lodestar analysis to guide its determination regarding the appropriate
24  amount of attorneys' fees and costs." *Allianz Life Ins.*, 2012 WL 440722, at *5 (citation omitted).
25  Fees that are compensable include "preparing the complaint, obtaining service of process on the
26  claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing
27  it from the action," as well as seeking entry of default judgment. See *Tise*, 234 F.3d at 426–27; *Wells*
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  *Fargo Bank v. PACCAR Fin. Corp.*, No. 1:08-CV-00904 AWI SMS, 2009 WL 211386, at *2
2  (E.D.Cal. Jan. 28, 2009). Further, "[b]ecause the interpleader plaintiff is supposed to be disinterested
3  in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that
4  are incurred in filing the action and pursuing the plan's release from liability, not in litigating the
5  merits of the adverse claimants' positions." *Tise*, 234 F.3d at 426.

6  **III.   Discussion**

7  Knights requests attorneys' fees and costs in the amount of $15,855.50. (Doc. # 124. Ex. A,
8  p.19). Williams does not dispute that Knights is entitled to recover fees and costs. Instead Williams
9  contends that not all of Knights' attorneys' fees relate to the interpleader action. Specifically,
10  Williams argues that Knights is entitled to $8,641.80, instead of $15,305.50 in attorneys' fees.

11  **A.    Attorneys' fees**

12  The burden of establishing entitlement to an attorneys' fee award lies solely with the
13  claimant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]he burden is on the fee applicant to
14  produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates
15  are in line with those prevailing in the community for similar services by lawyers of reasonably
16  comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *see*
17  *also Schwarz v. Secy. of Health and Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

18  The declaration of counsel demonstrates the firms billing practices and costs incurred. (Doc.
19  # 124, Ex. A). Knights also complied with Local Rule 54-16. Williams takes issue with specific
20  entries between March 20, 2012 and April 2, 2012, totaling $1,448.10 because Williams contends
21  that these expenses are for tasks a life insurance company is expected to bear as part of fulfilling its
22  obligations and legal duties. These billing entries are for such tasks as reviewing the file, factual
23  development for the interpleader complaint, researching service by publication, and communicating
24  with opposing counsel. Williams' also takes issues with specific entries between July 20, 2012, and
25  January 28, 2013, totaling $5,153.40 because Williams argues that these expenses are unrelated to
26  the filing and service of the interpleader. These billing entries are for such tasks as participation in
27  discovery and drafting a proposed report and recommendation.

28

**James C. Mahan**
**U.S. District Judge**

The court finds that Knights has produced satisfactory evidence that the attorneys' fees sought are compensable in this interpleader action. Knights was required to participate in discovery and the court finds that Knights' expenses were incurred in an effort to move the interpleader proceedings along. While the court is aware of the need for fee awards to be modest–so as not to deplete the fund at the expense of the other parties–the court finds that a reduction of $15,305.50 does not deplete the $529,010.54 fund. Thus, Knights is entitled to the requested amount in attorneys' fees, totaling $15,305.50.

**B.   Costs**

The costs are not disputed in the amount of $550.00 for taxable costs and $62.20 in non-taxable costs. These costs are for telephone calls, photocopies, and research services, filings fees, and fees for service. The amount of $612.50 is reasonable and shall be awarded.

**IV.   Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Knights of Columbus' renewed motion for attorneys' fees and costs (doc. # 124) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that Knights be paid $15,855.50 for attorneys' fees and taxable/non-taxable costs incurred in this interpleader action out of the funds deposited with the clerk of the court.

DATED August 6, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge