Darius F. Rafie, Esq.
Nevada Bar No. 6465
Peter B. Mortenson, Esq.
Nevada Bar No. 5725
**MORTENSON & RAFIE, LLP**
10781 W. Twain Avenue
Las Vegas, NV 89135
Ph: (702) 363-4190
Fax: (702) 363-4107
E-mail: cmcorwin@nvlaw.us
*Attorneys for Defendants/Cross-claimants,*
*William Crosby and Danny Hill*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KNIGHTS OF COLUMBUS, | )  Case No.:  2:12-cv-00688-JCM-VCF |
| Plaintiff, | ) |
| v. | )  **STIPULATION AND ORDER TO DISMISS** |
| THE VIRGINIA TRUST; JOHN DOE, trustee of THE VIRGINIA TRUST; SHEREE WILLIAMS; WILLIAM CROSBY; MELANIE CROSBY; DANNY HILL, | ) |
| Defendants. | ) |

WHEREAS Defendants/Cross Claimants, William Crosby and Danny Hill, by and through their attorney, Mortenson & Rafie, LLP and Defendant/Cross Defendant, Sheree Williams, by and through her attorneys, Solomon Dwiggins & Freer, Ltd., have reached a settlement of all of the claims in the above captioned case which settlement terms are set forth in the Settlement Agreement attached hereto as Exhibit "1"; and

WHEREAS, Defendant MELANIE CROSBY was defaulted from the action for failure to file an answer; and

WHEREAS, the Court has found that Defendant, Sheree Williams, individually, is the sole beneficiary of the life insurance proceeds at issue pursuant to the terms of the life insurance

1

policies as she is the Decedent's surviving spouse.  Accordingly, the Estate of Raymond Williams does not have a contractual interest in said proceeds; and

WHEREAS the KNIGHTS OF COLUMBUS interplead $529,010.54 with the Court which represented the insurance proceeds and interest thereon which are at issue in this case. And whereas the Court awarded the KNIGHTS OF COLUMBUS $15,855.50 in attorney's fees and costs which left a remaining balance of interplead funds of $513,155.04 with the Court; and

WHEREAS the parties agree that said $513,155.04 be paid to them as full settlement of all claims asserted in this case of any nature whatsoever in the following amounts: $70,000.00 to Danny Hill and William Crosby in care of their attorneys, MORTENSON & RAFIE, LLP, and that Sheree Williams receive the remaining amount of $443,155.04 plus any interest accrued thereon, if any, in the care of her attorneys, Solomon Dwiggins & Freer, Ltd; and that the Estate of Raymond Williams receive nothing.

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED AND ORDERED BY THIS COURT** that by the parties hereto, and their respective counsel, that the remaining balance of interplead funds of $513,155.04 be paid to them as full settlement of all claims asserted in this case of any nature whatsoever in the following amounts: $70,000.00 to Danny Hill and William Crosby in care of their attorneys, MORTENSON & RAFIE, LLP, and $443,155.04 plus any interest accrued thereon, if any to Sheree Williams, in care of her attorneys, Solomon Dwiggins & Freer, Ltd. and that the Estate of Raymond Williams take nothing.

**IT IS FURTHER STIPULATED AND AGREED AND ORDERED BY THIS COURT** that by the parties that all claims of any nature whatsoever asserted in this case, be dismissed with prejudice, each party to bear its own attorney's fees and costs.

1         **IT IS FURTHER STIPULATED AND AGREED AND ORDERED BY THIS**

2  **COURT** that by the parties that the Court issue an Order to Disburse Funds to accomplish this

3  settlement and Stipulation and Order.

4  DATED this 11th day of March, 2014.

5  **MORTENSON & RAFIE, LLP**

6  /s/ Darius F. Rafie, Esq.
  Darius F. Rafie, Esq.

7  Nevada Bar No. 6465
  Peter B. Mortenson, Esq.

8  Nevada Bar No. 5727
  10781 W. Twain Avenue

9  Las Vegas, NV 89135
  *Attorneys for William Crosby and Danny Hill*

10

11

  DATED this 11th day of March, 2012.

12

  **SOLOMON DWIGGINS & FREER, LTD.**

13

14  /s/ Alexander G. Leveque, Esq.
  Mark A. Solomon, Esq.
  Nevada Bar No. 418

15  Alexander G. Leveque, Esq.
  Nevada Bar No.. 11183

16  9060 W. Cheyenne Ave.
  Las Vegas, NV 89129

17  *Attorneys for Sheree Williams; and*
  *The Estate of Raymond Williams*

18

19                   **IT IS SO ORDERED:**

20                   UNITED STATES DISTRICT JUDGE

21                   DATED: March 28, 2014

22

23

24

25

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement is made between WILLIAM CROSBY, DANNY HILL, and SHEREE WILLIAMS, both individually and as Special Administrator of the Estate of Raymond Williams, collectively referred to as the "Parties."

WHEREAS a dispute has arisen between the Parties as to certain Life Insurance Proceeds from the insurance policies, a whole life policy with certificate number 2274397 in the amount of $250,000.00, and a term life policy with certificate number EC85861 in the amount of $250,000.00  issued by the Knights of Columbus Life Insurance Company on the life of Raymond Williams for $500,000.00 total; and

WHEREAS Raymond Williams passed away on or about October 1, 2011, triggering the payment of life insurance proceeds in the amount of **$500,000** plus certain interest, pursuant to the insurance policies; and

WHEREAS Raymond Williams had submitted change of beneficiary forms to the Knights of Columbus designating The Virginia Trust as the beneficiary to the life insurance policies. The Virginia Trust has never been found nor has it ever been shown to have been created in the first place.

WHEREAS the KNIGHTS OF COLUMBUS filed an interpleader action in the United States District Court for the District of Nevada at case number 2:12-cv-00688-JCM-VCF listing the Parties and Melanie Crosby as defendants.  The Parties filed answers in the interpleader action, and Melanie Crosby was defaulted and has been dismissed from the action.  The Estate of Raymond Williams intervened and was also added as a Defendant was also added as a Defendant.

1

WHEREAS the Court granted partial summary judgment in favor of Sheree Williams, individually, and found that Sheree Williams, the Decedent's surviving spouse, is the sole beneficiary of the life insurance proceeds pursuant to the terms of the insurance policies. Accordingly, the Estate of Raymond Williams has no contractual claim to any of the proceeds; and

WHEREAS, The KNIGHTS OF COLUMBUS then filed a motion to interplead the insurance proceeds in the amount of **$529,010.54** with the Court and was subsequently dismissed from the interpleader action, leaving the parties to assert their claims to the interplead insurance proceeds; and

WHEREAS the KNIGHTS OF COLUMBUS was then awarded attorney's fees in the amount of $15,305.50 and costs in the amount of $612.50 for a total of **$15,855.50** for attorney's fees and costs, which was paid from the interplead funds, leaving a total of approximately **$513,155.04** of funds interplead into the court (hereinafter the "Interplead Balance"); and

WHEREAS after lengthy discovery, motion work, and negotiations, the Parties have agreed to the following division of the Interplead Balance and resolution of all claims in the case;

NOW THEREFORE, in exchange for the following mutual covenants, promises, releases, for the consideration set forth herein, and to avoid further delay and costs of litigation, the Parties do hereby agree to the distribution of insurance proceeds as follows:

1.     That William Crosby and Danny Hill shall be paid **$70,000.00** total from the Interplead Balance to pay attorney's fees and costs and to divide equally among themselves. William Crosby and Danny Hill jointly specifically agree and direct that the check from the Court be made payable to their attorneys, **MORTENSON & RAFIE, LLP** with taxpayer identification number **20-8144268** in order to avoid problems in negotiating a multi-party check

2

with the parties in different states far apart from each other.  MORTENSON & RAFIE, LLP will deposit the funds in their trust account.

2.      SHEREE WILLIAMS, individually, shall be distributed the remaining balance of the Interplead Balance which would be **$443,155.04** together with any accrued interest which is disbursable from the Court, if any.

3.      The Estate of Raymond Williams shall receive none of the Interplead Balance

4.      The Parties and each of them, do hereby release and forever discharge each other and their respective agents, attorneys, assigns, successors, partners, associates, joint venturers, employees, subsidiaries, officers, directors, heirs and successors, from any and all claims, counterclaims, cross-claims, third-party claims, demands, suits, rights, actions, causes of action, claims against bonds, and administrative claims, and from any and all expenses, costs, losses, damages, attorney's fees, expert fees, accountant fees, lien claims, tax or penalty obligations to any governmental entity, and liabilities or obligations of any kind and nature whatsoever, (all of which are hereinafter referred to collectively as the "Claims"), associated with any incident and/or dispute which occurred prior to the execution of this Agreement, including, but not limited to, the Interpleader Lawsuit as defined above (the "Released Matters").

4.      The Parties will execute and file a dismissal of the Interpleader Lawsuit, each side to bear their own attorney's fees and costs.

5.      This Agreement constitutes the entire understanding of the parties hereto, and may not be altered, amended, modified or otherwise changed in any manner except by a writing duly signed by the signatories hereto.

6.      The Parties warrant and represent that each has the full right, title and authority to enter into this Agreement as provided herein and that no approvals or consents of any other

3

persons, entities, trusts or agencies are necessary to effectuate the same.   The Parties further warrant and represent that they have not assigned or transferred to any person not a party hereto any matter, or any part or portion thereof, released under this Agreement.

7.     In the event any litigation or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, default, misrepresentation, or breach in connection with any of the provisions of this Agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees, costs and expenses actually incurred in initiating or responding to such proceeding, in addition to any other relief to which such party or parties may be entitled.

8.     True copies of this Agreement may be used in place of the original Agreement for all purposes.

AGREED AND ACCEPTED:

_____   3/13/14
WILLIAM CROSBY                    Date

_____
DANNY HILL                        Date

_____
SHEREE WILLIAMS, indvidually   Date

_____
SHEREE WILLIAMS,               Date
As Special Administrator of the Estate of
Raymond Williams

4

persons, entities, trusts or agencies are necessary to effectuate the same.   The Parties further warrant and represent that they have not assigned or transferred to any person not a party hereto any matter, or any part or portion thereof, released under this Agreement.

      7.     In the event any litigation or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, default, misrepresentation, or breach in connection with any of the provisions of this Agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees, costs and expenses actually incurred in initiating or responding to such proceeding, in addition to any other relief to which such party or parties may be entitled.

      8.     True copies of this Agreement may be used in place of the original Agreement for all purposes.

**AGREED AND ACCEPTED:**

_____
WILLIAM CROSBY        Date

_____
DANNY HILL        Date  3/19/14


_____
SHEREE WILLIAMS, indvidually  Date

_____
SHEREE WILLIAMS,     Date
As Special Administrator of the Estate of
Raymond Williams

4

persons, entities, trusts or agencies are necessary to effectuate the same.   The Parties further warrant and represent that they have not assigned or transferred to any person not a party hereto any matter, or any part or portion thereof, released under this Agreement.

7.      In the event any litigation or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, default, misrepresentation, or breach in connection with any of the provisions of this Agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees, costs and expenses actually incurred in initiating or responding to such proceeding, in addition to any other relief to which such party or parties may be entitled.

8.      True copies of this Agreement may be used in place of the original Agreement for all purposes.

AGREED AND ACCEPTED:

_____            _____
WILLIAM CROSBY              Date                DANNY HILL              Date


SHEREE WILLIAMS, indvidually    Date            SHEREE WILLIAMS,        Date
                                                As Special Administrator of the Estate of
                                                Raymond Williams

4